## COUNTY OF HANCOCK.

### HIGGINS *versus* WASGATT.

Written instruments are to be construed with reference to the nature of the transactions between the parties, and so as to give effect, if practicable, to their intentions.

A deed, "*demising and granting*" land to A.. B. his *heirs and assigns,* with habendum for his natural life, will be held to convey a life estate only, if, from other parts of the deed, it appears that such was the intent of the parties.

ON REPORT from *Nisi Prius,* HOWARD, J. presiding.

WRIT OF ENTRY. Plea, general issue.

The demandant is a widow, and claims under a deed, inartificially drawn, by which her son, Henry Barnes, on the 26th July, 1841, "demised, granted and farm-let the land *to* her and her husband, *their heirs, executors, administrators and assigns,* to have and to hold the same for and *during their natural lives."* By the same instrument, Barnes covenanted that he would keep the farm in good repair, while it should remain in *his* possession ; and the parties, for themselves and their *respective heirs*, executors and administrators, agreed to fulfill a certain contract made between them, and Barnes stipulated that the demandant should have a home during her life with him.

The tenant claimed under a deed made to him by Barnes in 1845, which was recorded prior to the registry of the deed to the demandant and husband.

The demandant called two witnesses, whose testimony tended to show that the tenant, when receiving his conveyance from Barnes, had knowledge of the previous deed to the demandant and husband.

The case was withdrawn from the jury. If the demandant is entitled to recover, the rents and profits are to be assessed by an individual agreed upon.

*Herbert,* for the demandant.

The *habendum* and the *premises* of the instrument are inconsistent and repugnant.

" The general rule is that, where there is an apparent inconsistency between the *habendum* and the *premises*, the deed shall be construed to give effect to the whole if possible; " but, if this cannot be done, the greatest regard shall be paid to the *premises*, and the *habendum* shall be considered repugnant and void; as if lands are given *in the premises* to one and his heirs, *habendum* to him for life, the *habendum* is void, because it is repugnant to what is already expressed in the *premises.*" Wood's Inst. 229; Croke Jac. 563; 7 Petersd. Abridg. 676.

The premises "*grant, demise and to farm-let* to the demandant and her husband and *their heirs," &c.*

The office of the *premises* is, among other things, "*to set forth the certainty of the grantor, grantee and the thing granted.*" 2 Black. Com. 298.

" The office of the *habendum* is properly to determine what estate or interest is granted by the deed; this may be, and sometimes is, performed by the *premises*, in which case *the habendum* may lessen, explain, enlarge or qualify the premises, but not totally contradict or be repugnant to the estate granted in the premises." 2 Black. Com. 298.

And the very case at bar is there put as an example. Had the grant been in the *premises* to A and his heirs, *habendum* to him for life, the habendum would be utterly void; for an estate of inheritance is vested in him before the *habendum* comes; and shall not afterwards be taken away or devested by it." *Baldwin's case,* Ibid *ut Sup.*; *Edwards' case,* cited in 2 Black. Com. 298; Inst. 299, a.; Plowd. 153.

The case supposed in Blackstone, the very strongest example of repugnance put in the books, is the very case at bar, and is fully sustained by *Baldwin's case,* there cited, which, so far as the words used are concerned, is like this instrument; though the technical necessity of livery and seizin operated in that case to defeat the grant in fee, and let in the limitation for life. But our statute permits all deeds to take effect from delivery without other ceremony, which leaves this instrument to take effect as a deed in fee. 4 Cruise's Dig. page 291, chap. 20, § 76, 77, 78.

The case of *Carter* v. *Mudgewick*, 3 Lev. 339, was an indenture similar in the premises and habendum to that in the case at bar. The Court there say, although the habendum of a future freehold is void, " yet the grant in the premises being expressly to him and his heirs, the indenture shall inure upon the premises and shall pass the estate to the vendee directly by the premises. In *Goodtitle* v. *Gibbs*, 5 B. & C. and 12 C. L. Rep. 359, the conveyance was by release " to I. W. and to his heirs and assigns, to hold the same to I. W. his heirs and assigns from and after the death of M. H." the releasor.

This case was stoutly argued and the case of *Carter* v. *Mudgewick* was stated by counsel to be a solitary decision ; but ABBOTT, C. J., in delivering the opinion of the Court, says, " if an estate and interest be mentioned in the *premises,* the *intention of the parties is shown* and the deed may be effectual without any *habendum,* and if an *habendum* follow which is repugnant to the *premises,* the *habendum* will be rejected and the deed stand good upon the premises. * * * * The case of *Carter* v. *Mudgewick* is not a solitary case, the case of *Jarman* v. *Orchard* is to the same effect. Skin. 528 ; Salk. 346 ; Show. P. C. 199."

And this would seem also to be good law in this country. 2 Hilliard's Real Prop. 355, § 155 ; 4 Dane's Ab. chap. 109, art. 5, § 3.

In *Bond* v. *Susquehannah, &c.* 6 Har. & J. 132, BUCHANAN, J., in the opinion of the Court, recognizes this doctrine. And *Hoffner* v. *Irwin,* 4 Dev. & B. 433, is also cited.

Chancellor Kent, 4 Com. 468, uses the following language, " the habendum cannot perform the office of devesting an estate already vested by the deed, for it is void if it be repugnant to the estate granted," and *Goodtitle* v. *Gibbs* is cited in the margin as the authority, and this rule of construction seems not to be questioned in American Courts.

*Robinson,* for the tenant.

The instrument, under which the demandant claims, was manifestly intended by the parties as a lease, with certain special provisions. The habendum is for the natural lives of the

lessees. Possibly this created a freehold. The mention of heirs and assigns does not establish the kind of estate. The limitation of the habendum is decisive. The intent of the parties is obvious. It was, that no title greater than a life estate should pass. The intent is to be carried into effect.

*Herbert*, in reply.

The intention of the parties to a deed, as in all other contracts, is to govern, a deed being but an executed contract of sale, but the intention is to be gathered from the instrument; parol evidence cannot vary it, and thus change the title of real estate. The law has prescribed certain rules for interpreting the intention of the parties. These rules are uniform and have the judicial sanction of centuries. They have been affirmed, whenever questioned, by the wisest and best of Judges. This Court will hesitate long before they break down these fixed and settled principles of construction and interpretation, and make them yield to supposed intention. Besides, one or the other clause in the deed must yield. Will the Court reject the premises to give effect to the habendum, destroy the essential to sustain the unessential, unless compelled to it by authority?

The opinion of the Court, SHEPLEY, C. J., WELLS, RICE, HATHAWAY and APPLETON, J. J., was drawn up by

RICE, J. — This is a writ of entry. Two questions only were presented at the argument for the consideration of the Court; *First*, what estate, if any, has the plaintiff in the demanded premises? *Second*, had the tenant received actual notice of the existence of the deed from Barnes to Higgins and wife, before he took his deed from Barnes, March 6th, 1845?

The deed from Barnes to Higgins and wife is inartificially drawn. But every written instrument must be construed with reference to the nature of the transaction between the parties, and in such way if practicable, as to give effect to their intentions. Taking the whole instrument into consideration, there can be no doubt that it was the intention of the parties that

Higgins and his wife should take a life estate in the premises. In that estate they were siezed not by moieties, but as an entirety to be held by them and the survivor of them. *Shaw & al.* v. *Hussey & al.* 5 Mass. 522.

The second proposition presents a question of fact, purely. From the uncontradicted testimony of the witnesses, Knowles and Richardson, there can be no doubt of the fact, that the defendant was fully apprised of the existence of the deed from Barnes to Higgins and wife at the time of his purchase, and that in estimating the value of the estate purchased, especial reference was had to the incumbrance created by that instrument. In his own language he was to "step into Barnes' shoes," and perform his covenants. Such being the fact, no reason is perceived, either in law or equity, why the demandant should not recover.

According to the agreement of the parties, judgment is to be rendered for the demandant, and Richard Tinker, Esq. is appointed to assess the value of the rents and profits with power to examine witnesses upon oath.